UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────

DEBORAH A. SIMS, Individually and as Executor of
the Estate of Robert F. Zoll, Deceased,

                Plaintiff,

v.                               5:13-CV-0625
                               (GTS/DEP)
ELECTROLUX HOME PRODUCTS, INC.;
ELECTROLUX NORTH AMERICA, INC.;
ELECTROLUX WARRANTY CORP.;
SOUTHWIRE CO.; and ABC ENTITIES 1-5,

                Defendants.
─────────────────────────────────────────

APPEARANCES:                           OF COUNSEL:

PORTER NORDBY HOWE, LLP        ERIC C. NORDBY, ESQ.
  Counsel for Plaintiff             MICHAEL SCOTT PORTER, ESQ.
316 South Clinton Street
Suite 400
Syracuse, NY 13202-1220

GOLDBERG SEGALLA LLP            LISA M. ROBINSON, ESQ.
  Counsel for Electrolux Defendants
5786 Widewaters Parkway
Syracuse, NY 13214

SMITH, SOVIK, KENDRICK & SUGNET, P.C.    EDWARD J. SMITH, III, ESQ.
  Counsel for Defendant Southwire
250 South Clinton Street
Suite 600
Syracuse, NY 13202-1252

COSTELLO, COONEY & FEARON, PLLC      DANIEL P. FLETCHER, ESQ.
  Counsel for Defendants ABC Entities 1-5
500 Plum Street
Suite 300
Syracuse, NY 13204-1401

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this products liability action filed by Deborah A. Sims, individually and as executor of the estate of decedent, Robert F. Zoll ("Plaintiff") against the three above named Electrolux entities ("Electrolux"); Southwire Company ("Southwire"); and ABC Entities 1-5 ("ABC") (collectively, "Defendants"), is Plaintiff's motion to amend the Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and/or to join a defendant pursuant to Rule 20 of the Fed. R. Civ. P., and to remand this action to the Supreme Court, State of New York, County of Onondaga pursuant to 28 U.S.C. § 1447. (Dkt. No. 13.)

For the reasons set forth below, the motion to amend is granted in part and denied in part, the motion to join is granted, and the motion to remand is granted.

## I.     RELEVANT BACKGROUND

### A.     Plaintiff's Complaint and Proposed Amended Complaint

Generally, Plaintiff's Complaint asserts ten causes of action stemming from the May 31, 2011 death of her father, Robert F. Zoll, as a result of a house fire in Onondaga County, New York, that originated from his refrigerator. (*See generally* Dkt. No. 1-1 [Pl.'s Compl.].)

More specifically, Plaintiff's Complaint defines Defendants Electrolux and Southwire as "foreign business entities," that are ostensibly diverse from Plaintiff. (*Id.*, ¶¶ 8-18.) The Complaint further identifies Defendants ABC as "fictitious," and explains that "their identities are presently unknown to Plaintiff and/or her counsel, and they are named as defendants to designate unknown entities that negligently, carelessly and recklessly causes or contributed to the death of Plaintiff's Decedent." (*Id.*, ¶ 19.)

In factual support of Plaintiff's claims, the Complaint states that Plaintiff's Decedent purchased his refrigerator from Shaheen's Appliance-Sales & Service in Baldwinsville, New York. (*Id.*, ¶ 20.)

Plaintiff's proposed amended complaint (1) substitutes "Christopher F. Sheehan d/b/a Sheehan's Appliances" in place of ABC Entity No. 1 in the caption; (2) adds three additional paragraphs defining the newly identified entity as a business owned by Christopher F. Sheehan, that operates in Baldwinsville, New York, and sells, among other things, refrigerators; and (3) modifies a paragraph alleging that Plaintiff's decedent purchased a refrigerator from defendant, Sheehan's Appliances, on March 24, 2004. (*See* Dkt. No. 13-16, at 1-3 [Pl.'s Proposed Am. Compl.].)

**B.    Procedural Background**

On April 26, 2013, Plaintiff commenced this action against Defendants in New York Supreme Court for the County of Onondaga. Electrolux received service of the Complaint on May 6, 2013 and thereafter filed a Notice of Removal in this Court, with consent of Southwire, on May 31, 2013. (*See* Dkt. No. 1.) On June 30, 2013, Plaintiff filed the current motion to amend the Complaint to reflect that "Christopher F. Sheehan d/b/a Sheehan's Appliances" ("Sheehan's Appliances") is the seller of Plaintiff's refrigerator and to add that entity as a defendant. In the alternative, Plaintiff seeks to join Sheehan's Appliances as a defendant. Plaintiff also seeks an order remanding this action to State Court because either amendment or joinder will destroy this Court's diversity jurisdiction.

### C.     Parties' Arguments on Plaintiff's Motion

#### 1.     Plaintiff's Motion

Generally, in her memorandum of law, Plaintiff asserts the following arguments: (1) Plaintiff should be allowed to amend her complaint because the proposed amendment presents no undue delay or prejudice and is not futile; (2) the Court should permit joinder because (a) Plaintiff alleges questions of law and fact common to all defendants including Sheehan's Appliances and the claims arise out of the same occurrence and (b) permitting joinder will comport with principles of fundamental fairness because (i) the delay following removal has been very short, (ii) joinder will not result in prejudice to Electrolux and Southwire, (iii) there will be multiple litigations whether or not Plaintiff's motion for joinder is denied, and (iv) Plaintiff has a good faith basis to seek joinder.  (*See generally* Dkt. No. 13-18, at 2-9 [Pl.'s Mem. of Law].)

#### 2.     Defendants' Responses

##### a.     Sheehan's Appliances

Generally, in its memorandum of law in response to Plaintiff's motion, Sheehan's Appliances asserts that it does not oppose Plaintiff's motion to remand this action to State Court or to name Sheehan's Appliances as a defendant, generally.  However, Sheehan's Appliances asserts that Plaintiff should not be allowed to assert a wrongful death claim against it because (1) the statute of limitations on that claim has expired and (2) Plaintiff was aware that Sheehan's Appliances was the seller of the refrigerator before the statute of limitations expired but failed to name Sheehan's as a defendant until after the current motion was filed.  (*See generally* Dkt. No. 22-5, at 1-3 [Sheehan's Appliances' Response Mem. of Law].)

### b. Electrolux

Generally, in its memorandum of law in opposition to Plaintiff's motion, Electrolux asserts that Plaintiff's motion for leave to amend her Complaint should be denied because it was not made in good faith for the following reasons: (1) Plaintiff asserted in her Complaint that Sheehan's Appliances was the seller of the refrigerator and (2) Plaintiff had been in communication with Sheehan's Appliances, its agents and representatives prior to filing the Complaint. (*See generally* Dkt. No. 23-7, at 2-4 [Electrolux's Response Mem. of Law].)

### c. Southwire

Generally, in its memorandum of law in opposition to Plaintiff's motion, Southwire asserts the following arguments: (1) Plaintiff's motion to amend her Complaint should be denied because her description of ABC Defendants is facially defective as a matter of law; (2) Plaintiff's motion for joinder should be denied because (a) it will destroy this Court's diversity jurisdiction and (b) permitting joinder will not comport with principles of fundamental fairness because (i) although the delay following removal has been short, it was totally unnecessary (ii) Defendants are prejudiced by Plaintiff's attempts to remand after a rightful removal to federal court, after which Defendants have prepared for the litigation of this case in federal court, (iii) while there will be multiple litigations whether or not Plaintiff's motion is denied, Electrolux is not in a position to reduce the number of litigations since it chose to remove this action to federal court, and this Court could solve the issue of multiplicity of litigations by consolidating this matter with the related case, *Liberty Mutual Ins. Co. a/s/o Robert F. Zoll v. Electrolux Home Prods., Inc.*, No. 5:13-CV-706, and (iv) Plaintiff's motion is submitted disingenuously and the improper motives underlying the motion are sufficient to defeat it; (3) principles of judicial economy dictate that this Court should exercise its discretion to retain jurisdiction over the

current matter; and (4) Plaintiff's wrongful death claim against Sheehan's Appliances should be dismissed because it is barred by the statute of limitations and does not relate back under either the federal or state procedural rules. (*See generally* Dkt. No. 27, at 2-16 [Southwire's Response Mem. of Law].)

### 3. Plaintiff's Reply

Generally, in her reply memorandum of law, Plaintiff asserts the following arguments: (1) Electrolux's argument that Plaintiff acted in bad faith is without merit because it fails to identify any proof that Plaintiff knew that Christopher Sheehan was the proper person to be named, or that he had assumed the name, Sheehan's Appliances; (2) Southwire's argument that Plaintiff's Complaint is jurisdictionally defective is without merit because (a) it applies, if at all, only to her wrongful death claim against Sheehan's Appliances; (b) the Complaint apprises Sheehan's Appliances that it is an intended defendant in light of its active involvement in this case to date; and (c) joinder should be permitted because (i) Southwire concedes that the very short delay favors Plaintiff, (ii) Southwire does not specify any actual prejudice, (iii) Southwire's multiple litigations argument is unpersuasive, and (iv) Southwire's motivation argument is specious; (d) the relation back doctrine does not apply to Plaintiff's pain and suffering claim against Sheehan's Appliances. (*See generally* Dkt. No. 30, at 1-11 [Pl.'s Reply. Mem. of Law].)

## II. GOVERNING LEGAL STANDARDS

### A. Legal Standard Governing Motions to Amend a Complaint

A motion for leave to amend a complaint is governed by Rule 15 of the Federal Rules of Civil Procedure, which states that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962); *Manson v. Stacescu*, 11 F.3d 1127, 1133 (2d Cir.1993). Pursuant to Fed. R. Civ. P. 15(a)(2),

leave to amend a complaint should be freely given in the absence of any apparent or declared

reason to not grant leave to amend, such as undue delay, bad faith or dilatory motive on the part

of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

prejudice to the opposing party by virtue of allowance of the amendment, or futility of

amendment. *See Foman*, 371 U.S. at 182; *S.S. Silberblatt, Inc. v. E. Harlem Pilot Block–Bldg. 1*

*Hous.*, 608 F.2d 28, 42 (2d Cir.1979); *Meyer v. First Franklin Loan Servs, Inc*., No. 08-CV-

1332, 2010 WL 277090, at *1 (N.D.N.Y. Jan. 19, 2010); *Jones v. McMahon*, No. 98-CV-0374,

2007 WL 2027910, at *10 (N.D.N.Y. July 11, 2007).

"Mere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a

basis for a district court to deny the right to amend." *Block v. First Blood Assocs*., 988 F.2d 344,

350 (2d Cir. 1993) (citation omitted). "In determining what constitutes prejudice, [courts]

consider whether the assertion of the new claim would: (i) require the opponent to expend

significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay

the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another

jurisdiction." *Id.* (citation and quotation omitted).

"An amendment to a pleading is futile if the proposed claim could not withstand a motion

to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Annunziato v. Collecto, Inc.*, 293 F.R.D. 329,

333 (E.D.N.Y. 2013) (citing *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d

Cir.2002)). Therefore a proposed amendment is not futile if it states a claim upon which relief

can be granted. *See id.* (citations omitted).

### B. Remand and Removal

A defendant may remove an action to federal court in "any civil action brought in a State

court of which the district courts of the United States have original jurisdiction." 28 U.S.C. §

1441(a).  The district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a).

To remove a case based on diversity jurisdiction, complete diversity of citizenship of the parties is required, since such an action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).  A plaintiff who believes a case has been improperly removed may seek remand under the provisions of 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

### C.    Joinder of a Non-Diverse Party

If a plaintiff in a diversity action seeks to join a non-diverse party and, thereby, destroy complete diversity, "the court may deny joinder, or permit joinder and remand the action to State court."  28 U.S.C. § 1447(e).  In exercising its discretion to either deny or permit joinder, "courts first consider whether joinder would be appropriate under Rule 20 of the Federal Rules of Civil Procedure and then proceed to weigh the competing interests in efficient adjudication and the need to protect diversity jurisdiction from manipulation." *Briarpatch Ltd., L.P. v. Pate*, 81 F. Supp. 2d 509, 515 (S.D.N.Y. 2000) (citation omitted).

Pursuant to Rule 20, "[p]ersons . . . may be joined in one action as defendants if [] any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and [] any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  In addition to the provisions of Rule 20, it is necessary to consider whether permitting

joinder under § 1447(e) will comport with principles of fundamental fairness. *See Briarpatch*, at 515 (citation omitted). In undertaking this inquiry, courts balance the following factors: "(1) any delay, and the reasons for the delay, in seeking to amend; (2) any resulting prejudice to the defendant; (3) the likelihood of multiple litigation; and (4) the plaintiff's motivation in moving to amend." *Id.*; *see also DiNardi v. Ethicon, Inc*., 145 F.R.D. 294, 297 (N.D.N.Y. 1993).

As is relevant to a plaintiff's motivation in seeking joinder, pursuant to the doctrine of fraudulent joinder, "[a] plaintiff may not defeat diversity jurisdiction by improperly joining a non-diverse defendant with no genuine connection to the matter." *Brown v. Eli Lilly and Co.*, 654 F.3d 347, 356 (2d Cir. 2011) (quoting *Bounds v. Pine Belt Mental Health Care Res*., 593 F.3d 209, 215 (2d Cir. 2010)). "Under the doctrine, courts overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court." *Bounds*, 593 F.3d at 215 (quoting *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc*., 373 F.3d 296, 302 (2d Cir. 2004)).

"In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (quoting *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir.1994)). Consequently, a defendant seeking to establish fraudulent joinder "bears [a] heavy burden." *Bounds*, 593 F.3d at 215. In order to show that naming a non-diverse defendant is a fraudulent joinder effected to defeat diversity, "a defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Pampillonia v. RJR*

*Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998). Finally, when determining whether a fraudulent joinder has occurred, courts must weigh all factual and legal issues in favor of the plaintiff. *See id.*

**D.    Legal Standard Governing Unopposed Motions**

In this District, when a non-movant fails to oppose a legal argument asserted by a movant in support of a motion, the movant's burden with regard to that argument has been lightened such that, in order to succeed on that argument, the movant need only show that the argument possesses facial merit, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b) (3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein...."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n. 1 (N.D.N.Y. Oct.30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL 2473509, at *2 & n. 3 (N.D.N.Y. Aug.7, 2009) (Suddaby, J.) (collecting cases).

**C.    Standards Governing Plaintiffs' Proposed Claims Against Sheehan's Appliances**

**1.    Wrongful Death**

The elements of a cause of action for wrongful death in New York are : "(1) the death of a human being, (2) the wrongful act, neglect or default of the defendant by which the decedent's death was caused, (3) the survival of distributees who suffered pecuniary loss by reason of the death of decedent, and (4) the appointment of a personal representative of the decedent." *Chong v. New York City Transit Auth.*, 441 N.Y.S.2d 24, 25, 83 A.D.2d 546, 547 (N.Y. App. Div. 1981). With respect to the third element, "[a] distributee is a person entitled to take or share in the property of a decedent under the statutes governing descent and distribution." *Gabriel v.*

*Cnty. of Herkimer*, 889 F. Supp. 2d 374, 406 (N.D.N.Y. 2012) (quoting N.Y. Est. Powers & Trusts Law § 1-2.5. Pecuniary loss includes medical and funeral expenses of the decedent paid by the distributee. *See Garbriel*, 889 F. Supp. 2d at 406 (citing N.Y. Est. Powers & Trusts Law § 5-4.1).

Finally, a claim for wrongful death must be commenced within two years of the decedent's death. *See* N.Y. Est. Powers & Trusts Law § 5-4.1.

### 2. Pain and Suffering

In contrast to a claim for wrongful death, which "belongs to the decedent's distributees and is designed to compensate the distributees themselves for their pecuniary losses as a result of the wrongful act," a claim for pain and suffering may only be brought by "the estate of the deceased, rather than the distributees." *Cragg v. Allstate Indem. Corp.*, 950 N.E.2d 500, 17 N.Y.3d 118, 121, 926 N.Y.S.2d 867, 869 (N.Y. 2011).

In order to justify an award of damages for pain and suffering, a plaintiff has the threshold burden of proving consciousness for at least some period of time following an accident or injury. *See Cummins v. Cnty. of Onondaga*, 642 N.E.2d 1071, 1072, 84 N.Y.2d 322, 324, 618 N.Y.S.2d 615, 616 (N.Y. 1994) (citation omitted). A plaintiff may meet his burden with direct or circumstantial evidence, but "[m]ere conjecture, surmise or speculation is not enough to sustain a claim for [pain and suffering] damages." *Id.*, at 1072, 84 N.Y.2d at 324-25, 618 N.Y.S.2d at 616 (citation omitted). "Without legally sufficient proof of consciousness following an [injury], a claim for conscious pain and suffering must be dismissed." *Id.* (citation omitted).

Finally, a claim for pain and suffering due to personal injury must be commenced within three years. *See* N.Y. C.P.L.R. § 214(5).

## III.    ANALYSIS

### A.    Whether Plaintiff Should Be Permitted to Join Sheehan's Appliances As a Defendant

After carefully considering the matter, the Court answers this question in the affirmative, in part for the reasons stated by Plaintiff in her memorandum of law, (Dkt. No. 13-18, at 3-9 [Pl.'s Mem. of Law]) and reply memorandum of law, (Dkt. No. 30, at 6-10 [Pl.'s Reply Mem. of Law]).  The Court would only add the following points.

First, the Court notes that Sheehan's Appliances and Electrolux have failed to oppose Plaintiff's motion for joinder.  As indicated above in Point II.D. of this Decision and Order, in this District, when a non-movant fails to oppose a legal argument asserted by a movant in support of a motion, the movant's burden with regard to that argument has been lightened such that, in order to succeed on that argument, the movant need only show that the argument possesses facial merit, which has appropriately been characterized as a "modest" burden.  At the very least, Plaintiff has met the lightened burden required to prevail on its motion for joinder as against Sheehan's Appliances and Electrolux.  (*See* Dkt. Nos. 22-5 [Def. Sheehan's Appliances' Mem. of Law]; Dkt. No. 23-7 [Def. Electrolux's Mem. of Law].)

Second, in any event, the Court reaches the same conclusion after applying the more rigorous scrutiny appropriate after considering defendant Southwire's opposition to Plaintiff's motion.  As indicated above in Point II.C. of this Decision and Order, the Court must first consider whether joinder is appropriate under Rule 20, and then determine whether permitting joinder under §1447(e) will comport with principles of fundamental fairness. The Court finds, and both Plaintiff and Southwire agree, that Sheehan's Appliances may be joined under Rule 20 because the claims against it arise from the same occurrence as the claims against the existing

defendants and questions of law and fact common to all defendants will arise in the litigation. However, the parties dispute some of the factors to be weighed by the Court in determining whether joinder will comport with principles of fundamental fairness.

As indicated above in Point II.C. of this Decision and Order, these factors are "(1) any delay, and the reasons for the delay, in seeking to amend; (2) any resulting prejudice to the defendant; (3) the likelihood of multiple litigation; and (4) the plaintiff's motivation in moving to amend." *Briarpatch*, 81 F. Supp. 2d at 515; *DiNardi*, 145 F.R.D. at 297.

### 1. Delay

Plaintiff argues that she did not learn the identity of the entity that owns and operates Sheehan's Appliances until after removal occurred and that the thirty day delay between the date of removal and her motion seeking joinder of Sheehan's Appliances is very short. Southwire concedes that the delay is relatively short, but argues that the delay is based on improper motivation, which is more appropriately dealt with by consideration of the last factor. Accordingly, the first factor weighs in favor of joinder.

### 2. Prejudice

Southwire argues that it is prejudiced by Plaintiff's attempt to remand this action to State Court because, "following removal to Federal court, [Southwire] has prepared for the litigation of this case as a Federal case, and will have to expend unnecessary resources to double back and prepare to litigate this case pursuant to New York State law." (Dkt. No. 27, at 7 [Def. Southwire's Mem. of Law].) Given the procedural stage of this litigation, where no discovery schedule has been set, Southwire's argument of prejudice is unconvincing. *See O'Keefe v. Allstate Ins. Group*, No. 13-CV-4599, 2014 WL 4207594, at *2 (E.D.N.Y. July 9, 2014). Therefore, this factor also weighs in favor of joinder.

### 3. Likelihood of Multiple Litigation

Plaintiff and Southwire agree that this factor is neutral. Plaintiff points out that there is a risk of multiple litigations whether or not the motion for joinder is granted, which Southwire does not dispute. Instead, Southwire argues, multiplicity of litigation could be solved by this Court retaining jurisdiction of this action and then, on motion from one of the parties, consolidating it with the related action. However, as Plaintiff counters, if this Court denies her current motion, she will still be unable to bring her claims against Sheehan's Appliances in this Court. Consequently, this factor is neutral to the analysis.

### 4. Plaintiff's Motivation

Plaintiff asserts that, by seeking joinder of Sheehan's Appliances, she is motivated in good faith to ensure that she has redress against all defendants in a single action. Southwire counters, essentially, that Plaintiff was motivated by bath faith because she knew that Sheehan's Appliances was the retailer that sold the refrigerator to her father before she filed her complaint but chose not to name that entity as a defendant, instead "keeping those claims in her back pocket until such time that the case was removed to Federal Court, merely so that she could attempt to remand it 'to the state forum, the one that [s]he had originally chosen as best suited to h[er] purposes.'" (Dkt. No. 27, at 9 [Def. Southwire's Mem. of Law]) (quoting *McIntyre v. Codman & Shurtleff, Inc.*, 103 F.R.D. 619, 622 (D.C.N.Y 1984)). Here, however, Southwire fails to identify any improper motivation on behalf of Plaintiff in seeking joinder of Sheehan's Appliances, an entity with a clear connection to this matter. *See Brown v*, 654 F.3d at 356. As in *McIntyre*, here "[t]here is no evidence of fraud in plaintiff's motion. . .. While plaintiff is obviously motivated in part to avoid removal jurisdiction, the motivation would appear to be more related to avoiding multiple litigation rather than federal jurisdiction." *McIntyre*, 103

F.R.D. at 623. Consequently, Southwire has failed to meet its burden to "demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998). Therefore, the fourth factor weighs in favor of joinder.

For the foregoing reasons, Plaintiff's motion to join "Christopher F. Sheehan d/b/a Sheehan's Appliances" as a defendant to this action is granted.

### B. Whether Plaintiff's Motion to Amend the Complaint Should Be Granted

After carefully considering the matter, the Court answers this question in the affirmative in part, for the reasons stated by Plaintiff in her memorandum of law, (Dkt. No. 13-18, at 2-3 [Pl.'s Mem. of Law]) and reply memorandum of law, (Dkt. No. 30, at 2-6, 10-11 [Pl.'s Reply Mem. of Law]) and in the negative in part, for the reasons stated by Southwire and Sheehan's Appliances in their respective memoranda of law, (Dkt. No. 22-5 [Def. Sheehan's Appliances' Mem. of Law]; Dkt. No. 27 [Def. Southwire's Mem. of Law]). The Court would only add the following points.

Initially, the Court may dispose of Electrolux's argument that Plaintiff's motion to amend her complaint should be denied because it was made in bad faith. (Dkt. No. 23-7, at 1-4 [Electrolux Defs.' Mem. of Law].) "While not much case law exists in this Circuit about what constitutes bad faith for the purpose of denying a motion for leave to amend a pleading, a finding that a party is seeking leave to amend solely to gain a tactical advantage supports a finding that such an amendment is made in bad faith." *Franco v. Diaz*, No. 14-CV-1909, 2014 WL 4494470, at *6 (E.D.N.Y. Sept. 12, 2014) (citation and quotation omitted). Electrolux asserts that "Plaintiff did not intend to name Sheehan's Appliances as a defendant in this action . . . [but] is

now seeking to join Sheehan's Appliances only in a disingenuous attempt to destroy diversity and remand the action to State Court."  (Dkt. No. 23-7, at 3 [Electrolux Defs.' Mem. of Law].)  For the reasons indicated above in Point III.A.4. of this Decision and Order, the Court finds Defendants have failed to establish that Plaintiff's motion to amend her complaint is motivated by bad faith.

Next, Southwire argues that Plaintiff's complaint is invalid as against the ABC Defendants because the description of those defendants is facially defective.  (*See* Dkt. No. 27, at 2-5 [Def. Southwire's Mem. of Law].  Under New York law governing unknown parties,

> [a] party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known.  If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

N.Y. C.P.L.R. § 1024 (McKinney 2014).

New York courts have held that, under CPLR. section 1024, "the description of the unknown party must be sufficiently complete to fairly apprise that entity that it is the intended defendant."  *Olmsted v. Pizza Hut of Am., Inc.*, 813 N.Y.S.2d 241, 242, 28 A.D.3d 855, 856 (N.Y. App. Div. 2006).  For example, where a "John Doe" defendant was identified as the person or contractor who installed an allegedly defective electrical system at a restaurant where the plaintiff was working when she received a severe electrical shock the court concluded that the description did not sufficiently identify the then-unknown electrical contractor as the party who maintained, rather than installed, the restaurant's electrical system.  *See Olmsted*, 813 N.Y.S.2d at 242-243, 28 A.D.3d at 856.  Here, Plaintiff's Complaint describes ABC Defendants 1-5 as "unknown entities that negligently, carelessly and recklessly caused or contributed to the

death of Plaintiff's Decedent." (Dkt. No. 1-1, ¶ 19 [Pl.'s Compl.].) Such a description is so overly broad as to be insufficient to notify Sheehan's Appliances that it was an intended defendant.

However, the Court's inquiry does not end there. As the Court has already determined, Plaintiff may join Sheehan's Appliances as a defendant. To that end, the Court has allowed amendment of the Complaint to add Sheehan's Appliances to the caption of the Complaint. Accordingly, the relevant question becomes whether the claims Plaintiff seeks to assert against Sheehan's Appliances in the amended complaint relate back to the date of the original complaint.

Both Southwire and Sheehan's Appliances argue that the claims do not relate back. (*See* Dkt. No. 22-5, at 2-3 [Def. Sheehan's Appliances' Mem. of Law]; Dkt. No. 27, at 11-16 [Def. Southwire's Mem. of Law].) As Plaintiff correctly points out, however, the relation back issue would only affect her wrongful death claim against Sheehan's Appliances, which carries a two-year statute of limitations, such that, if the claim does not relate back to the original complaint, it will be time-barred. The remaining claim for pain and suffering, which carries a three-year statute of limitations, is not time-barred regardless of whether it relates back to the date of the original complaint.

"When the statute of limitations would otherwise bar an amendment, Rule 15(c) [of the Federal Rules of Civil Procedure allows the claim if it 'relates back' to the original complaint." *Laureano v. Goord*, No.06-CV-7845, 2007 WL 2826649, at *5 (S.D.N.Y. Aug. 31, 2007) (citing Fed. R. Civ. P. 15(c)(3)). "Whether a claim relates back should be analyzed under both federal and state law, and whichever law that 'affords a more forgiving principle of relation back' should be utilized." *Laureano*, 2007 WL 2826649, at *5 (quoting Fed. R. Civ. P. 15(c)(1) Advisory Committee Notes (1991)).

> Under Rule 15(c), a claim against a new defendant relates back to the
> original claim if: (1) the new claim arises out of the same conduct,
> transaction or occurrence set forth in the original pleading; (2) the
> new party has received notice of the action such that it will not be
> prejudiced in its defense; (3) the new party knows or should have
> known that, but for a mistake concerning the identity of the party, the
> action would have been brought against the party; and (4) the second
> and the third criteria must have been fulfilled within 120 days of the
> filing of the original complaint.

*Id.,*at *5(citing Fed. R. Civ. P. 15(c)).

Here, as the parties agree, the claims against Sheehan's Appliances arise out of the same occurrence set forth in the original pleading. Also, Plaintiff served Sheehan's Appliances with a summons and complaint on June 28, 2013, which is within 120 days of the filing of the original complaint. (*See* Dkt. No. 29-2.) Accordingly, the Court must decide whether Sheehan's Appliances knew or should have known that, but for a mistake concerning its identity, the action would have been brought against it.

Under Rule 15(c) a mistake concerning the identity of a party occurs "when it is the result of 'misnomer or misidentification,' or when a plaintiff omits the individual defendant thinking that suing a department will suffice." *Laureano*, 2007 WL 2826649, at *5 (quoting *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 469 (2d Cir.1995)). However, where, as here, "the newly-added defendants were not named originally because the plaintiff did not know their identities[,]" Rule 15(c) does not allow an amended complaint adding defendants to relate back. *See Barrow*, 66 F.3d at 470. Therefore, under Rule 15(c), Plaintiff's wrongful death claim against Sheehan's Appliances would not relate back to the date of the filing of the original complaint, and would therefore be time-barred.

Consequently, the Court next examines whether the claim would relate back under New York law. "Under § 1024 of the CPLR, a plaintiff may commence a lawsuit against John Doe

defendants and toll the statute of limitations as to the unnamed defendants provided that the plaintiff meets two requirements: (1) the plaintiff 'exercise[d] due diligence, prior to the running of the statute of limitations, to identify the defendant by name;' and (2) the plaintiff 'describe[d] the John Doe party in such form as will fairly apprise the party that he is the intended defendant.'" *Strada v. City of New York*, No. 11-CV-5735, 2014 WL 3490306, at *5 (E.D.N.Y. July 11, 2014) (quoting *Hogan v. Fischer*, 738 F.3d 509, 519 (2d Cir.2013)). Here, Plaintiff meets neither requirement. "Due diligence in this context requires that a plaintiff 'show that he or she made timely efforts to identify the correct party before the statute of limitations expired.'" *Strada*, 2014 WL 3490306, at *5 (quoting *Justin v. Orshan*, 788 N.Y.S.2d 407, 408, 14 A.D.3d 492 (N.Y. App. Div. 2005)). Here, Plaintiff does not, and cannot, dispute that she was aware that Sheehan's Appliances was the retailer who sold her father the refrigerator at issue in this case, beginning as far back as August 2011. (*See* Dkt. No. 23-3.) Plaintiff's counsel asserts that "[a]t the time the Complaint was being prepared for filing, [he] searched the records of the New York Secretary of State, but [] was unable to identify an entity that owns and operates Sheehan's Appliances." (Dkt. No. 13-1, at ¶ 10 [Decl. of Eric C. Nordby, June 30, 2013].) Counsel further asserts that he did not learn that Sheehan's Appliances is a sole proprietorship until June 12, 2013. (*Id.*, at ¶ 14.) Thereafter, Plaintiff filed the current motion to amend the complaint on June 30, 2013. (*See* Dkt. No. 13.) Accordingly, Plaintiff cannot establish that she exercised due diligence, prior to the running of the statute of limitations on her wrongful death claim, to discover the correct name of the legal entity that owns Sheehan's Appliances, since her counsel waited until the claim was about to expire before conducting a search. Moreover, as previously explained, Plaintiff's description of the ABC Defendants 1-5 was insufficient to notify Sheehan's Appliances that it was an intended defendant. Accordingly, Plaintiff's wrongful death claim

against Sheehan's appliances does not relate back to the filing of the original complaint under either New York or federal law.

For the foregoing reasons, Plaintiff's motion to amend her complaint is granted insofar as she seeks to add a pain and suffering claim against Sheehan's Appliances, but is denied insofar as she seeks to assert a wrongful death claim.

**C.      Whether Plaintiff's Motion for Remand Should Be Granted**

After carefully considering the matter, the Court answers this question in the affirmative. This Court has granted Plaintiff's motion to join Sheehan's Appliances, a New York resident, as a defendant to this action, and to amend her complaint to assert a pain and suffering claim against that defendant.  Therefore, this Court no longer retains subject matter jurisdiction of this action, necessitating remand.  For this reason, Plaintiff's motion for remand is granted.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion to join "Christopher F. Sheehan, d/b/a Sheehan's Appliances" as a defendant and remand this action to New York State Supreme Court, County of Onondaga (Dkt. No. 13) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's motion to amend her complaint to assert a wrongful death claim against "Christopher F. Sheehan, d/b/a Sheehan's Appliances" (Dkt. No. 13) is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion to amend her complaint to assert a pain and suffering claim against "Christopher F. Sheehan, d/b/a Sheehan's Appliances" (Dkt. No. 13) is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall amend the caption of the docket to reflect that  "Christopher F. Sheehan, d/b/a Sheehan's Appliances" is a defendant to this action; and it is further

**ORDERED** that this action is **<u>REMANDED</u>** to the Supreme Court, State of New York, County of Onondaga; and it is further

**ORDERED** that the Clerk of the Court shall close this case.

Dated: September 29, 2014
        Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge